Cox v. Drake.

---

HENRY M. COX v. ABRAM I. DRAKE ET AL.

In a case where there is legal evidence of fraud, the question whether the fraud was satisfactorily proved cannot be considered on writ of error.

On error to the Warren Circuit Court.

For the plaintiff in error, *J. G. Shipman & Son.*

For the defendant in error, *Oscar Jeffery.*

The opinion of the court was delivered by

DIXON, J.  On September 24th, 1873, Aaron S. Drake and Abram I. Drake recovered a judgment in the Warren county Circuit Court, for $575.25, against Henry M. Cox. On April 18th, 1881, Aaron S. Drake, in consideration of $300, paid to him by Cox, acknowledged, in writing under his seal, that he had received full satisfaction of the judgment, and authorized the clerk of the court to enter such acknowledgment on the record, and the clerk accordingly did so.  On September 20th, 1881, the Circuit Court, at the instance of Abram I. Drake, and after hearing the parties, ordered the entry of satisfaction to be vacated on the ground that the acknowledgment had been procured by fraud, and directed that *fi. fa.* should issue on the judgment for the balance thereof after crediting the $300.  This order being removed to the

Supreme Court by *certiorari*, was there affirmed, and the affirmance is now brought here by writ of error.

The right of the Circuit Court to vacate the entry for fraud is not disputed. But it is claimed that the fraud was not legally established.

The only matters open for review on writ of error are questions of law. Whether the transaction by which the acknowledgment of satisfaction was obtained was fraudulent is a question of fact, subject, however, to this only, that whether there was any evidence of fraud is a question of law. This, therefore, is the sole inquiry upon which we can legally enter. Although the evidence of fraud may have been slight, although the weight of the testimony may have been the other way, still the decision of the tribunal whose province it was to pass upon the evidence with regard to the fact of fraud is not subject to our review. *Cole* v. *Taylor*, 2 *Zab.* 59.

Was there, then, legal evidence of fraud submitted to the Circuit Court? The defendant, Cox, had applied to the plaintiff Abram to settle the judgment, and had offered $300 cash and his note for $100 in satisfaction. This being refused, Cox asked Abram where his partner, Aaron, was; Abram replied that he was probably at home, and that he did not know whether Aaron had a great deal of interest in the judgment or not, as he (Aaron) had left a board bill for him (Abram) to pay out of the money, and he did not think there would be much coming to Aaron. Cox then found Aaron, and, according to Aaron's testimony, told him that Abram had said that he (Aaron) had *no* interest in the affair, adding that he (Cox) thought Aaron would not get anything out of it if the money went into Abram's hands; at any rate, not without a lawsuit, and lawsuits between partners were generally bad things. Cox further said that he had offered Abram $300, and would do better by Aaron ; that he would give Aaron $300 and pay the execution fees besides. Aaron at length accepted this offer, and signed the satisfaction-piece.

This testimony furnishes legal evidence of fraud. If it be true, Cox falsely represented to Aaron the negotiations which

had transpired between himself and Abram, and the statement which the latter had made concerning Aaron's interest in the claim. By these means he wrought upon Aaron's fears, and misled his judgment until he secured a compromise on better terms than those he had shortly before offered to Abram.

Such a state of things legalized the finding of the Circuit Court that the acquittance was fraudulently procured. The judgment of the Supreme Court must therefore be affirmed.

*For affirmance* — THE CHANCELLOR, DIXON, KNAPP, PARKER, REED, SCUDDER, CLEMENT, WHITAKER.   8.

*For reversal*—COLE, PATERSON.   2.